UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DONALD MEJIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-238 |
| | § | |
| MARIA D RAMIREZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING SECOND MOTION
## FOR APPOINTMENT OF COUNSEL

Plaintiff filed this § 1983 lawsuit on June 2, 2014, alleging that Defendants violated his constitutional rights in a number of ways, namely that he was denied nutritious meals, denied recreation, and denied showers, resulting in loss of weight and depression (D.E. 1).  Plaintiff was granted leave to proceed *in forma pauperis*, service of process was ordered, and Defendants have answered.  Pending is Plaintiff's second motion for appointment of counsel (D.E. 23).

In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance.  *Bounds v. Smith*, 430 U.S. 817, 829 (1977).  There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further, *Bounds* did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 116 S. Ct. 2174, 2180 (1996).  It is within the court's discretion to

appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Department*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* This case is not complex. According to Plaintiff, his health has suffered because he has been denied nutritious meals, not allowed regular exercise, and denied showers. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent. He has clearly set forth his claims. His testimony during the evidentiary hearing demonstrated that Plaintiff is articulate and able discuss his claims. Plaintiff appears, at this early stage of the case, to be in a position to adequately investigate and present his case. Plaintiff's placement in Administrative Segregation does not hinder his ability to investigate his claims. Plaintiff can request relief from deadlines if he needs additional time to file pleadings or respond to motions.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Id.* Examination of this factor is premature because the case has not yet been set for trial.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a

prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's second motion for appointment of counsel (D.E. 23) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 5th day of February, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE