United States District Court
Southern District of Texas
**ENTERED**
February 11, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DONALD MEJIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-238 |
| | § | |
| MARIA D RAMIREZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL AND DEFENDANTS'**
**<u>MOTION FOR PROTECTIVE ORDER</u>**

This is a Civil Rights action over Plaintiff's conditions of confinement while incarcerated in the Texas Department of Criminal Justice in the McConnell Division in Administrative Segregation (Ad. Seg.). After the Defendants were served, Plaintiff served a Request for Production seeking six categories of documents. When Defendants failed to respond, Plaintiff filed a motion to compel. (D.E. 50). Defendants filed a response (D.E. 56), an amended response (D.E. 59) and a motion for protective order (D.E. 60) in which they seek a ruling on their motion for summary judgment on qualified immunity before they are required to respond to discovery. By separate Memorandum and Recommendation, the undersigned recommended denying Defendants' motion for qualified immunity at this time because there are issues of material fact that need further development. Defendants' motion for protective order (D.E. 60) is granted until the District Court issues a ruling on qualified immunity.

Standard for Discovery

Under Federal Rule of Civil Procedure 26(b)(1),[1] "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.

Plaintiff seeks his entire disciplinary record for the period he was in TDCJ by his first request. The second category of documents sought includes his entire medical record. Defendants do not object to production of these categories and assert they already produced Plaintiff's medical in their Initial Disclosures. *See* D.E. 59 (Amended Response to Motion to Compel).

Category Three seeks copies of the Prison I-201 and I-216 forms for F Pod Ad. Seg. for the McConnell unit for January 1, 2012 through January 1, 2014. Defendants do not object to producing this category of documents.

Categories Four and Five seek drawings and photographs of the living space as well as the indoor and outdoor recreation areas available to F Pod in Ad. Seg. for the McConnell Unit. Defendants object to producing drawings or photographs of these areas on the grounds that such information implicates security concerns. Defendants are not

---

[1] As amended effective December 1, 2015.

required to produce a floor plan or photographs at this time for security reasons. Plaintiff may describe the spaces and their approximate dimensions. Plaintiff's requests as to Categories Four and Five are denied without prejudice. Plaintiff may renew his request for photographs and a floor plan if the case is later set for trial.

Category Six requests details and drawings of the serving carts and other equipment used to serve meals other than johnny sacks in the F Pod Ad Seg unit. This request does not appear to be likely to result in the discovery of admissible evidence. If important, Plaintiff may describe these items. Plaintiff's motion to compel is denied as to Category Six.

Production of the un-objected to documents shall take place within 30 days of this Order. Defendant's motion for Protective Order (D.E. 60) is GRANTED until the District Court rules on the Memorandum and Recommendation. Plaintiff's Motion to Compel (D.E. 50) is GRANTED in part and DENIED in part as set forth above.

ORDERED this 10th day of February, 2016.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE