United States District Court
Southern District of Texas
**ENTERED**
July 11, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DONALD MEJIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-238 |
| | § | |
| MARIA D RAMIREZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER ADOPTING
# <u>MEMORANDUM AND RECOMMENDATION</u>

Pending before the Court is Defendants' Motion for Summary Judgment (D.E. 52) and Plaintiff's "Motion to Deny Defendant's Summary judgement [sic] and Grant Plaintiff Summary Judgement [sic]" (D.E. 57), treated as a response and cross-motion. On February 11, 2016, United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (M&R, D.E. 62), recommending that Defendants' Motion for Summary Judgment be granted on the issue of Eleventh Amendment immunity regarding official capacity claims and denied on all other issues and that Plaintiff's cross-motion be denied. Defendants timely filed their objections (D.E. 64) on February 26, 2016. Plaintiff has not objected to the M&R.

There are no objections to the M&R regarding the recommendation that Plaintiff's claims against Defendants in their respective official capacities be dismissed as barred by Eleventh Amendment immunity or that Plaintiff's motion be denied. The Court adopts those recommendations. Instead, Defendants object to the treatment of the individual capacity claims, re-urging their summary judgment arguments that: (A) Plaintiff has

1

failed to show the personal involvement of Defendants Warden Ramirez, Assistant Warden Curry, and Assistant Region IV Director Chapa; (B) there is insufficient evidence of a constitutional injury; and (C) Defendants are entitled to qualified immunity. The Court considers each argument in turn.

### A. Personal Involvement

A civil rights action under 42 U.S.C. § 1983 requires personal involvement and a supervisor's liability cannot be predicated solely on vicarious liability. *E.g., Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). The M&R correctly observed that supervisors may have sufficient personal involvement when they are deliberately indifferent to a problem within their supervisory jurisdiction and that problem causes a violation of the plaintiff's rights. D.E. 62, p. 11 (citing *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)). Defendants do not challenge this legal standard.

Instead, Defendants first object that denial of a grievance does not support § 1983 liability against Defendant Chapa, citing *Pittman-Bey v. Clay*, C.A. No. V-10-086, 2011 WL 6749027, *5 (S.D. Tex. 2011) (Owsley, Magistrate Judge) (citing *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005)). The *Pittman-Bey* order, which was not subjected to district court review and is not precedential, overstates the holding of the *Geiger* opinion. Upon close review, *Geiger* stands for the proposition that, if the plaintiff does not have a cognizable constitutional claim, the plaintiff cannot turn his grievance into a constitutional due process claim based upon a prison official's denial of the grievance. The grievance process, by itself, does not implicate constitutional due process rights.

Where, as in *Pittman-Bey* and this case, there is an underlying constitutional claim, the grievance process can supply evidence that prison officials were deliberately indifferent—the problem was brought to their attention and they failed to take reasonable action to remedy it. *Smith, supra*. This Court rejects Defendants' request that this Court follow *Pittman-Bey* to apply *Geiger* where the grievance that was denied stated an underlying constitutional claim. Plaintiff here is not prosecuting a due process claim but an Eighth Amendment conditions of confinement claim and the grievance process is some evidence of Defendants' knowledge and failure to act to protect Plaintiff's constitutional rights.

The Court OVERRULES Defendants' first objection and concurs with the M&R that there is some evidence of Defendant Chapa's personal involvement resulting from his denial of Plaintiff's grievance.

Defendants' second objection complains that there is no evidence of Defendants Ramirez and Currie having personal involvement because the grievance process does not implicate them. As set out above, the denial of Plaintiff's grievance does evidence personal involvement on the part of Defendant Ramirez. However there is no evidence that Defendant Currie reviewed any grievances.

Because supervisory liability may also be predicated upon policy implementation—without overt personal participation—the M&R concluded that Warden Ramirez and Assistant Warden Currie could be personally liable for Plaintiff's complaints. D.E. 62, pp. 11-12 (citing *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987)). Plaintiff particularly complained of a policy to cut back on food.

3

In support of that allegation, Plaintiff offered as summary judgment evidence his own logs showing the use of johnny sacks for a large number of meals, the content of the johnny sacks, the meal policy that was not being followed with respect to johnny sacks, and evidence of his bowel problems, which the physician attributed in large part to a diet without sufficient vegetables, fiber, and fluids.  He notes that the prison maintains its own official logs recording the types of meals and the frequency with which they are provided, giving Defendants Ramirez and Currie an easy reference tool for monitoring policy compliance, which they allegedly failed to do.  Plaintiff has raised sufficient evidence of a disputed issue regarding material facts to survive Defendants' summary judgment motion.

The Court OVERRULES Defendants' second objection and concurs with the M&R's conclusion that there is some evidence of supervisory liability based on policy implementation.

**B.  Evidence of Injury Caused by Defendants**

Defendants' third objection challenges the M&R's conclusion that Plaintiff had supplied sufficient evidence of injury resulting from the conduct of which he complains. While Defendants do not discredit Plaintiff's testimony that he suffered weight loss and bowel problems from food deprivation, high blood pressure from lack of exercise, and a rash related to hygiene, they argue that the evidence he supplied is of his condition after the period of time subject to this lawsuit or otherwise does not correspond to his liability theories.

Plaintiff's medical records documenting his weight demonstrate his condition after the 2013 period of time at issue here and show an arguably healthy weight two months after the events of this lawsuit. This does not defeat his claim because his own testimony constitutes some evidence that, as a result of the johnny sack meals, he lost 40 pounds in 2013. That he is capable of dramatic weight change over small amounts of time is documented in his medical records and can explain the higher weight a few months after his complaints ended. There is sufficient evidence of weight loss to raise a disputed issue of material fact on that claim of injury by food deprivation.

With respect to Plaintiff's skin rash, Defendants contend that he admitted that the cause of the rash is soap supplied by TDCJ and from staying in the shower too long. D.E. 52-1, p. 15. While Plaintiff's medical records do recite that information supplied by Plaintiff, nothing in the record demonstrates that Plaintiff is qualified to diagnose medical causation, such that his observations and suppositions recounted at one time can be said to defeat causation as a matter of law. Nothing in the record shows that the doctor concurred with Plaintiff's diagnosis. Plaintiff now associates his skin rash with sweat and the inability to get clean in the shower. His current opinion has no less weight than his prior opinion. And his own testimony (supported by other prisoners) is some evidence to support a disputed issue of material fact. D.E. 17-21.

Defendants do not address Plaintiff's blood pressure issue, related to his lack of recreation claims. Plaintiff has raised a fact issue with respect to his claims of injury sufficient to support his liability theories. Defendants' third objection is OVERRULED.

### C. Eighth Amendment Claims and Qualified Immunity

The M&R discusses in detail both the clearly established law by which claims such as Plaintiff's are evaluated under the Eighth Amendment and the facts evidenced in the record with respect to both the severity of the deprivations Plaintiff has stated and the deliberate indifference of the Defendants. The M&R concludes that there are disputed issues of material fact to defeat a finding that qualified immunity protects Defendants as a matter of law.

In their fourth objection, Defendants challenge the denial of qualified immunity not by identifying error in the M&R but by minimizing the severity of the risks to which Plaintiff was subjected. The Court has already overruled their objections to the M&R's conclusion that Plaintiff raised disputed issues of material fact regarding injuries from the risks to which he was exposed. They cannot now escape liability by arguing that those disputed facts should simply be resolved in their favor.

Significant weight loss and bowel problems caused by insufficient nutrition can state a constitutional violation. A lack of hygiene that causes skin maladies and a lack of exercise that causes potentially life-threatening blood pressure readings, both of which further deprive a prisoner of rare opportunities to leave his cell, can state constitutional violations. These issues were fully explored in the M&R and the Court finds no error in that analysis. Defendants' fourth objection is OVERRULED.

Last, Defendants object, claiming that the M&R should have concluded that their actions were not objectively unreasonable. First, they minimize the role of the grievance

process in putting them on notice of the issues.  They again argue that the grievance process cannot support a claim—a contention already rejected, above.

Second, Defendants' suggestion that staffing shortages and consequent security issues are sufficient to justify their actions is offered without authority and is contrary to public policy.  A holding to that effect would permit prisons to maintain unconstitutional conditions of confinement simply because they were underfunded.  Defendants' last objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Defendants' objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Defendants' objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, Defendants' Motion for Summary Judgment (D.E. 52) is **GRANTED IN PART** and Plaintiff's claims against Defendants in their official capacities are **DISMISSED** pursuant to Eleventh Amendment immunity.  Defendants' motion (D.E. 52) is **DENIED IN PART** with respect to all other issues raised.  Plaintiff's cross-motion for summary judgment (D.E. 57) is **DENIED** in its entirety**.**

ORDERED this 11th day of July, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE